IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GREGORY LEE, #184 070, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:14-CV-215-MEF |
| ) | [WO] |
| DR. DARBOUZE, *et al*., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This civil action is before the court on a 42 U.S.C. § 1983 complaint filed by Plaintiff, an inmate currently incarcerated at the Easterling Correctional Facility["Easterling"] in Clio, Alabama. In the present complaint, Plaintiff challenges a denial of medical care at the facility for his complaints of a painful broken left baby toe and infected leg which, according to the complaint is swollen and running puss and needs immediate medical attention. *Doc. No. 1*.

**II. DISCUSSION**

Upon initiation of this case, Plaintiff filed a motion for leave to proceed *in forma pauperis* pursuant to the provisions of 28 U.S.C. § 1915(a). *Doc. No. 2*. However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* and requires payment of the requisite filing fee upon initiation of the suit if the inmate "has, on 3 or more occasions, while incarcerated or detained in any facility,

brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]  The records of this court establish that Plaintiff, while incarcerated or detained, has on at least three occasions had civil actions dismissed as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants immune from suit pursuant to the provisions of 28 U.S.C. § 1915.  The actions on which this court relies in finding a § 1915(g) violation are:  (1) *Lee v. Haley*, Civil Action No. 2:00-CV-985-MHT (M.D. Ala. 2000), (2) *Lee v. Haley*, Civil Action No. 2:02-CV-1343-WHA (M.D. Ala. 2003), and (3) *Lee v. Holt*, Civil Action No. 2:03-CV-1055-ID (M.D. Ala. 2003).[2]

In the complaint now before the court for review, Plaintiff challenges the constitutionality of medical treatment provided to him at the Easterling Correctional Facility which he contends occurred on a Thursday in February 2014 regarding his complaints of a broken toe and a swollen, infected leg.  Plaintiff has filed an amendment to his complaint

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."  In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."  549 U.S. at 216.

[2] The requisite dismissals are indicated on the docket sheets maintained by this court in the referenced cases.

wherein he adopts medical records in support of his allegations.[3] *Doc. No. 19 at Attachments.* The records pertinent to the subject matter of the complaint reflect Plaintiff submitted a sick call request on March 1, 2014, complaining his left baby toe felt broken. Medical personnel examined Plaintiff on March 2, 2014, and found the range of motion to the affected area normal and noted no swelling, redness, or bruising. An xray of Plaintiff's left toe taken March 3, 2014, showed no appreciable soft tissue swelling, no fracture, and alignment of the metatarsophalangeal, proximal, and distal interphalangeal. The radiologist's conclusion of Plaintiff's xray was "normal toe." *Doc. No. 19, Attachments* at 4, 7, 9. On April 27, 2014, Plaintiff submitted a sick call request complaining, among other things, that his "toe is broke." Medical personnel noted he would be evaluated at the nursing sick call clinic and referred to the medical provider.[4] *Id*. at 20.

As explained, in order to bring his claims *in forma pauperis*, Plaintiff must be "under imminent danger of serious physical injury," including at the time he filed his complaint. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). He must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed. General assertions are insufficient. *See Skillern v. Paul*, 202 F. App'x 343, 344 (11th Cir. 2006) (finding where appellant merely alleged that

---

[3]To the extent the amendment to Plaintiff's complaint seeks to challenge matters unrelated to the allegations presented in this original complaint, those claims are not properly before the court. Plaintiff may, however, present such claims in a new civil action.

[4]Plaintiff's sick call slips in which he complained about his toe do not show that he made complaints regarding any problem with his leg. *Doc. No. 19, Attachments* at 4, 7, 9, 20.

he was not receiving his heart medication, without a description of his condition, and never alleged that he suffered any physical injury, the "imminent danger" exception was not met) (unpublished). Additionally, the law is clear that past harm does not satisfy § 1915(g)'s exception that a plaintiff be "under imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004) ("a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)."); *Medberry*, 185 F.3d at 1193 ("a prisoner's allegation that he faced imminent danger sometime in the past is . . . insufficient"); *Adbul-Akabar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."). Thus, in order to satisfy the exception to § 1915(g), Plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" *Medberry*, 185 F.3d at 1193.

    The medical records contained in the amendment to the complaint demonstrate Plaintiff has the right to request medical treatment at the Easterling Correctional Facility and it is clear he routinely seeks and receives treatment for his medical complaints. There is nothing in the medical records submitted by Plaintiff in support of his complaint that reflect his access to medical personnel at the institution is impeded, discouraged, or denied. The course of medical treatment undertaken by prison medical personnel, however, is not governed by Plaintiff's mere request or desire for treatment, but rather, is provided based on the assessment of his condition by the attending health care professional(s).

After thorough review of the complaint and the medical records contained in the amendment to the complaint, it is clear the claims now before this court do not entitle Plaintiff to circumvent the directives of § 1915(g) because the complaint and amendment thereto fail to establish that Plaintiff was under "imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the exception allowing circumvention of the directives contained in 28 U.S.C.§ 1915(g). *Medberry*, 185 F.3d at 1193; *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (The imminent danger exception is available only "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury.'").

Based on the foregoing, the court concludes that Plaintiff's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as Plaintiff failed to pay the requisite filing fee upon initiation of this case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he ***initiates*** the suit.").

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for leave to proceed *in forma pauperis* filed by Plaintiff (*Doc. No. 2*) be DENIED;

2. This case be DISMISSED without prejudice for Plaintiff's failure to pay the full

filing fee upon the initiation of this case.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **June 6, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 23rd day of May, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE